United States District Court
Southern District of Texas
**ENTERED**
March 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY LYNN SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-16-1545 |
| | § | |
| BETTY J. WILLIAMS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the motions to dismiss filed by defendants Toni L. Deer

and Betty J. Williams (Docket Entry No. 7) and by defendant Paula Reed (Docket Entry No.

9).  Plaintiff filed a response in opposition to the motions (Docket Entry No. 13).[1]

Having considered the motions, the response, the pleadings, the record, and the

applicable law, the Court **DENIES** the motions to dismiss and **ORDERS** as follows.

### I.  BACKGROUND AND CLAIMS

Plaintiff states that he was informed in 2012 that he has hepatitis C ("HCV"), an

infectious virus, and that defendants have refused to provide him treatment for the condition.

He claims constitutional entitlement to be treated with anti-HCV antivirals such as harvoni,

---

[1]Plaintiff's response did not include a certificate of service showing that he served
counsel for defendants a copy of the response.  Plaintiff is warned that any further pleadings or
communications submitted to the Court without a proper certificate of service will be stricken
from the record.

ledipasvir, and sofosbuvir, which he claims would permanently cure his medical condition.[2]

He sues Toni L. Deer, a physician assistant, Betty J. Williams, a physician, and Paula Reed, an administrative registered nurse, in their official and individual capacities for deliberate indifference to his serious medical needs. He claims that their refusal to treat him with anti-HCV antivirals is a cost-cutting measure. He further claims that defendants falsified his medical records regarding his medical care.

Plaintiff seeks a permanent injunction ordering defendants to treat his HCV with anti-HCV antivirals and to rewrite prison policies for the treatment of prisoners with HCV.

## II.  ANALYSIS

Defendants Williams and Deer move for dismissal of plaintiff's claims against them because they cannot provide the injunctive relief he seeks in this lawsuit. Defendants' ability – or inability – to provide the requested HCV treatment or rewrite medical treatment policy is not established in the record, and is an issue more appropriately presented in a summary judgment proceeding.

In similar fashion, defendants contend that plaintiff fails to allege that they had any personal involvement in the purported refusal to treat his HCV with antivirals. However, plaintiff clearly alleges that defendants "continue to string plaintiff along[,] giving reason after reason for non-treatment." (Docket Entry No. 1, p. 4.) Moreover, the exhibits submitted by plaintiff in his response to the motions to dismiss show that the named

---

[2]*See* Docket Entry No. 13-2, p. 2.

defendants had at least a modicum of personal involvement in plaintiff's medical care. Given the required liberal construction, plaintiff's complaint alleges personal involvement by defendants sufficient to pass muster at this preliminary stage.

In their final ground for dismissal, defendants argue that plaintiff's disagreement with defendants' medical decisions fails to raise a claim for deliberate indifference for purposes of a section 1983 lawsuit. As a general proposition of law, defendants' argument is correct. However, plaintiff essentially alleges in his complaint that defendants' treatment decisions were, in whole or in part, directed by financial concerns, not medical judgment. Consequently, the issue of deliberate indifference, and thus that of qualified immunity, must remain before the Court for further consideration. Although "The denial or delay of *necessary* medical treatment for financial or other improper motives not based on medical reasons may constitute an Eighth Amendment violation," *Hanna v. Corrections Corporation of America*, 95 F. App'x 531, 532 (5th Cir. 2004) (emphasis added), the deliberate indifference standard "does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014) (citations and quotation marks omitted). The "failure to receive the most effective treatment cannot form the basis of deliberate indifference but, rather, sounds in negligence." *Gobert v. Caldwell*, 463 F.3d 339, 350 n. 33 (5th Cir. 2006).

To-date, neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has held that HCV-positive prisoners have a constitutional right to be treated with anti-HCV antiviral medications. Moreover, it has yet to be held that not using anti-HCV antivirals to treat an HCV-positive prisoner constitutes deliberate indifference *per se.* Nevertheless, the undeveloped record in this case does not allow the Court to grant defendants' motions to dismiss at this time.

### III. CONCLUSION

For these reasons, the Court **DENIES** the motions to dismiss (Docket Entries No. 7, 9). Any further dispositive motions must be filed within sixty days from date of this order.

Signed at Houston, Texas, on _____ **MAR 1 3 2017** _____ .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE